Filed 9/21/20  P. v. Yandolino CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>ROBERT CARLO YANDOLINO,<br><br>      Defendant and Appellant. | C090605<br><br>(Super. Ct. No. 62-137894) |

Appointed counsel for defendant Robert Carlo Yandolino asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

I

On March 30, 2017, a jury found defendant guilty of murder with special circumstances (Pen. Code, §§ 187, 190.2, subd. (a)(1), (15)),[1] attempted murder (§§ 664, 187), corporal injury to a spouse or cohabitant (§ 273.5, subd. (a)), dissuading a witness (§ 136.1, subd. (b)(2)), and two counts of assault with a firearm (§ 245, subd. (a)(2)). The jury also found true the special allegations that defendant discharged a firearm, causing bodily injury and death (§ 12022.53, subds. (c), (d)). Defendant received a sentence of life without the possibility of parole, plus 25 years to life on the section 12022.53, subdivision (d) enhancement, plus a consecutive determinate term of 34 years (including 20 years for the § 12022.53, subd. (c) enhancement).

In an unpublished opinion, this court remanded the matter to allow the trial court to exercise its newly afforded discretion whether to strike one or more of the firearm enhancements in light of the passage of Senate Bill No. 620 (2017-2018 Reg. Sess.), but otherwise affirmed the judgment and defendant's conviction. (*People v. Yandolino* (Feb. 27, 2019, C084772) [nonpub. opn.].) Following the arguments of counsel and after considering the totality of the evidence, the trial court exercised its discretion not to strike either of defendant's firearm enhancements. Defendant timely appealed.

II

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed and has not done so.

---

[1]     Undesignated statutory references are to the Penal Code.

2

Having examined the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  We affirm the judgment.

DISPOSITION

The judgment is affirmed.

 /s/
HOCH, J.

We concur:

 /s/
RAYE, P. J.

 /s/
RENNER, J.